Glenn Stearns, Chapter 13 Trustee
801 Warrenville Road, Suite 650
Lisle, IL  60532-4350
Ph:  (630) 981-3888   Fax:   (630) 981-3896

In re:
TROY A OSENKARSKI

Case No. 06-15978

TROY A OSENKARSKI
304 OAK ST
CEDAR POINT, IL  61316

PATRICK A MESZAROS
1100 W JEFFERSON ST
JOLIET, IL  60435

CITIFINANCIAL
PO BOX 70919
CHARLOTTE, NC  28272-0919

### NOTICE OF PAYMENT OF FINAL MORTGAGE CURE UNDER RULE 3002.1(f)

   Pursuant to Federal Rule of Bankruptcy Procedure 3002.1(f), the Chapter 13 Trustee, Glenn B. Stearns, files this Notice of Final Cure Payment.  The amount required to cure the default in the claim has been paid in full.

   Within 21 days of the service of the Notice of Final Cure Payment, the creditor MUST file and serve a Statement as a supplement to the holder's proof of claim on the debtor(s), debtor(s) Counsel and the Chapter 13 Trustee, pursuant to Fed.R.Bank.P.3002.1(g), indicating:

   1)  Whether it agrees that the debtor(s) have paid in full the amount required to cure the default on the claim; and

   2)  Whether the debtor(s) are otherwise current on all payments consistent with 11 U.S.C. § 1322(b)(5).

   The statement shall itemize the required cure or post-petition amounts, if any, that the holder contends remain unpaid as of the date of the statement,  The statement shall be filed as a supplement to the holder's proof of claim and is not subject to Rule 3001(f).  Failure to notify may result in sanctions.

   The undersigned certifies that this notice was sent to the above named parties on  February 16, 2012 .

/S/  Marifran Smith
For:  Glenn Stearns, Chapter 13 Trustee, Standing Trustee

Glenn Stearns, Chapter 13 Trustee
801 Warrenville Road, Suite 650
Lisle, IL  60532-4350
Ph:  (630) 981-3888    Fax:   (630) 981-3896

In re:
TROY A OSENKARSKI

Case No. 06-15978

PATRICK A MESZAROS
1100 W JEFFERSON ST
JOLIET, IL  60435

TROY A OSENKARSKI
304 OAK ST
CEDAR POINT, IL  61316

CITIFINANCIAL
PO BOX 70919
CHARLOTTE, NC  28272-0919

### NOTICE OF PAYMENT OF FINAL MORTGAGE CURE UNDER RULE 3002.1(f)

   Pursuant to Federal Rule of Bankruptcy Procedure 3002.1(f), the Chapter 13 Trustee, Glenn B. Stearns, files this Notice of Final Cure Payment.  The amount required to cure the default in the claim has been paid in full.

   Within 21 days of the service of the Notice of Final Cure Payment, the creditor MUST file and serve a Statement as a supplement to the holder's proof of claim on the debtor(s), debtor(s) Counsel and the Chapter 13 Trustee, pursuant to Fed.R.Bank.P.3002.1(g), indicating:

   1)  Whether it agrees that the debtor(s) have paid in full the amount required to cure the default on the claim; and

   2)  Whether the debtor(s) are otherwise current on all payments consistent with 11 U.S.C. § 1322(b)(5).

   The statement shall itemize the required cure or post-petition amounts, if any, that the holder contends remain unpaid as of the date of the statement,  The statement shall be filed as a supplement to the holder's proof of claim and is not subject to Rule 3001(f).  Failure to notify may result in sanctions.

   The undersigned certifies that this notice was sent to the above named parties on  February 16, 2012 .

/S/   Marifran Smith

For:  Glenn Stearns, Chapter 13 Trustee, Standing Trustee

Glenn Stearns, Chapter 13 Trustee
801 Warrenville Road, Suite 650
Lisle, IL  60532-4350
Ph:  (630) 981-3888   Fax:   (630) 981-3896

In re:
TROY A OSENKARSKI

Case No. 06-15978

CITIFINANCIAL
PO BOX 70919
CHARLOTTE, NC  28272-0919

TROY A OSENKARSKI
304 OAK ST
CEDAR POINT, IL  61316

PATRICK A MESZAROS
1100 W JEFFERSON ST
JOLIET, IL  60435

### NOTICE OF PAYMENT OF FINAL MORTGAGE CURE UNDER RULE 3002.1(f)

  Pursuant to Federal Rule of Bankruptcy Procedure 3002.1(f), the Chapter 13 Trustee, Glenn B. Stearns, files this Notice of Final Cure Payment.  The amount required to cure the default in the claim has been paid in full.

  Within 21 days of the service of the Notice of Final Cure Payment, the creditor MUST file and serve a Statement as a supplement to the holder's proof of claim on the debtor(s), debtor(s) Counsel and the Chapter 13 Trustee, pursuant to Fed.R.Bank.P.3002.1(g), indicating:

  1)  Whether it agrees that the debtor(s) have paid in full the amount required to cure the default on the claim; and

  2)  Whether the debtor(s) are otherwise current on all payments consistent with 11 U.S.C. § 1322(b)(5).

  The statement shall itemize the required cure or post-petition amounts, if any, that the holder contends remain unpaid as of the date of the statement,  The statement shall be filed as a supplement to the holder's proof of claim and is not subject to Rule 3001(f).  Failure to notify may result in sanctions.

  The undersigned certifies that this notice was sent to the above named parties on  February 16, 2012 .

/S/  Marifran Smith
For:  Glenn Stearns, Chapter 13 Trustee, Standing Trustee

Glenn Stearns, Chapter 13 Trustee
801 Warrenville Road, Suite 650
Lisle, IL  60532-4350
Ph:  (630) 981-3888   Fax:   (630) 981-3896

In re:
TROY A OSENKARSKI

Case No. 06-15978

CITIFINANCIAL
PO BOX 70919
CHARLOTTE, NC  28272-0919

TROY A OSENKARSKI
304 OAK ST
CEDAR POINT, IL  61316

PATRICK A MESZAROS
1100 W JEFFERSON ST
JOLIET, IL  60435

### NOTICE OF PAYMENT OF FINAL MORTGAGE CURE UNDER RULE 3002.1(f)

   Pursuant to Federal Rule of Bankruptcy Procedure 3002.1(f), the Chapter 13 Trustee, Glenn B. Stearns, files this Notice of Final Cure Payment.  The amount required to cure the default in the claim has been paid in full.

   Within 21 days of the service of the Notice of Final Cure Payment, the creditor MUST file and serve a Statement as a supplement to the holder's proof of claim on the debtor(s), debtor(s) Counsel and the Chapter 13 Trustee, pursuant to Fed.R.Bank.P.3002.1(g), indicating:

   1)  Whether it agrees that the debtor(s) have paid in full the amount required to cure the default on the claim; and

   2)  Whether the debtor(s) are otherwise current on all payments consistent with 11 U.S.C. § 1322(b)(5).

   The statement shall itemize the required cure or post-petition amounts, if any, that the holder contends remain unpaid as of the date of the statement,  The statement shall be filed as a supplement to the holder's proof of claim and is not subject to Rule 3001(f).  Failure to notify may result in sanctions.

   The undersigned certifies that this notice was sent to the above named parties on  February 16, 2012 .

/S/   Marifran Smith
For:  Glenn Stearns, Chapter 13 Trustee, Standing Trustee

Glenn Stearns, Chapter 13 Trustee
801 Warrenville Road, Suite 650
Lisle, IL  60532-4350
Ph:  (630) 981-3888   Fax:   (630) 981-3896

In re:
TROY A OSENKARSKI

Case No. 06-15978

SPRINGLEAF FINANCIAL SERVICES
PO BOX 3251
EVANSVILLE, IN  47731

TROY A OSENKARSKI
304 OAK ST
CEDAR POINT, IL  61316

PATRICK A MESZAROS
1100 W JEFFERSON ST
JOLIET, IL  60435

### NOTICE OF PAYMENT OF FINAL MORTGAGE CURE UNDER RULE 3002.1(f)

Pursuant to Federal Rule of Bankruptcy Procedure 3002.1(f), the Chapter 13 Trustee, Glenn B. Stearns, files this Notice of Final Cure Payment.  The amount required to cure the default in the claim has been paid in full.

Within 21 days of the service of the Notice of Final Cure Payment, the creditor MUST file and serve a Statement as a supplement to the holder's proof of claim on the debtor(s), debtor(s) Counsel and the Chapter 13 Trustee, pursuant to Fed.R.Bank.P.3002.1(g), indicating:

1) Whether it agrees that the debtor(s) have paid in full the amount required to cure the default on the claim; and

2) Whether the debtor(s) are otherwise current on all payments consistent with 11 U.S.C. § 1322(b)(5).

The statement shall itemize the required cure or post-petition amounts, if any, that the holder contends remain unpaid as of the date of the statement,  The statement shall be filed as a supplement to the holder's proof of claim and is not subject to Rule 3001(f).  Failure to notify may result in sanctions.

The undersigned certifies that this notice was sent to the above named parties on  February 16, 2012 .

/S/   Marifran Smith
For:  Glenn Stearns, Chapter 13 Trustee, Standing Trustee

Glenn Stearns, Chapter 13 Trustee
801 Warrenville Road, Suite 650
Lisle, IL  60532-4350
Ph:  (630) 981-3888   Fax:   (630) 981-3896

In re:
TROY A OSENKARSKI

Case No. 06-15978

SPRINGLEAF FINANCIAL SERVICES
PO BOX 3251
EVANSVILLE, IN  47731

TROY A OSENKARSKI
304 OAK ST
CEDAR POINT, IL  61316

PATRICK A MESZAROS
1100 W JEFFERSON ST
JOLIET, IL  60435

### NOTICE OF PAYMENT OF FINAL MORTGAGE CURE UNDER RULE 3002.1(f)

   Pursuant to Federal Rule of Bankruptcy Procedure 3002.1(f), the Chapter 13 Trustee, Glenn B. Stearns, files this Notice of Final Cure Payment.  The amount required to cure the default in the claim has been paid in full.

   Within 21 days of the service of the Notice of Final Cure Payment, the creditor MUST file and serve a Statement as a supplement to the holder's proof of claim on the debtor(s), debtor(s) Counsel and the Chapter 13 Trustee, pursuant to Fed.R.Bank.P.3002.1(g), indicating:

   1)  Whether it agrees that the debtor(s) have paid in full the amount required to cure the default on the claim; and

   2)  Whether the debtor(s) are otherwise current on all payments consistent with 11 U.S.C. § 1322(b)(5).

   The statement shall itemize the required cure or post-petition amounts, if any, that the holder contends remain unpaid as of the date of the statement,  The statement shall be filed as a supplement to the holder's proof of claim and is not subject to Rule 3001(f).  Failure to notify may result in sanctions.

   The undersigned certifies that this notice was sent to the above named parties on  February 16, 2012 .

/S/   Marifran Smith
For:  Glenn Stearns, Chapter 13 Trustee, Standing Trustee

Glenn Stearns, Chapter 13 Trustee
801 Warrenville Road, Suite 650
Lisle, IL  60532-4350
Ph:  (630) 981-3888   Fax:   (630) 981-3896

In re:
TROY A OSENKARSKI

Case No. 06-15978

TROY A OSENKARSKI
304 OAK ST
CEDAR POINT, IL  61316

BUREAU VALLEY ANESTHESIA
% TRIMMBLE
111 PARK AVE EAST
PRINCETON, IL  61356

PATRICK A MESZAROS
1100 W JEFFERSON ST
JOLIET, IL  60435

### NOTICE OF PAYMENT OF FINAL MORTGAGE CURE UNDER RULE 3002.1(f)

Pursuant to Federal Rule of Bankruptcy Procedure 3002.1(f), the Chapter 13 Trustee, Glenn B. Stearns, files this Notice of Final Cure Payment.  The amount required to cure the default in the claim has been paid in full.

Within 21 days of the service of the Notice of Final Cure Payment, the creditor MUST file and serve a Statement as a supplement to the holder's proof of claim on the debtor(s), debtor(s) Counsel and the Chapter 13 Trustee, pursuant to Fed.R.Bank.P.3002.1(g), indicating:

1) Whether it agrees that the debtor(s) have paid in full the amount required to cure the default on the claim; and

2) Whether the debtor(s) are otherwise current on all payments consistent with 11 U.S.C. § 1322(b)(5).

The statement shall itemize the required cure or post-petition amounts, if any, that the holder contends remain unpaid as of the date of the statement,  The statement shall be filed as a supplement to the holder's proof of claim and is not subject to Rule 3001(f).  Failure to notify may result in sanctions.

The undersigned certifies that this notice was sent to the above named parties on  February 16, 2012 .

/S/   Marifran Smith
For:  Glenn Stearns, Chapter 13 Trustee, Standing Trustee

Glenn Stearns, Chapter 13 Trustee
801 Warrenville Road, Suite 650
Lisle, IL  60532-4350
Ph:  (630) 981-3888   Fax:   (630) 981-3896

In re:
TROY A OSENKARSKI

Case No. 06-15978

B LINE LLC
PO BOX 91121 MS 550
SEATTLE, WA  98111-9221

TROY A OSENKARSKI
304 OAK ST
CEDAR POINT, IL  61316

PATRICK A MESZAROS
1100 W JEFFERSON ST
JOLIET, IL  60435

### NOTICE OF PAYMENT OF FINAL MORTGAGE CURE UNDER RULE 3002.1(f)

Pursuant to Federal Rule of Bankruptcy Procedure 3002.1(f), the Chapter 13 Trustee, Glenn B. Stearns, files this Notice of Final Cure Payment.  The amount required to cure the default in the claim has been paid in full.

Within 21 days of the service of the Notice of Final Cure Payment, the creditor MUST file and serve a Statement as a supplement to the holder's proof of claim on the debtor(s), debtor(s) Counsel and the Chapter 13 Trustee, pursuant to Fed.R.Bank.P.3002.1(g), indicating:

1)  Whether it agrees that the debtor(s) have paid in full the amount required to cure the default on the claim; and

2)  Whether the debtor(s) are otherwise current on all payments consistent with 11 U.S.C. § 1322(b)(5).

The statement shall itemize the required cure or post-petition amounts, if any, that the holder contends remain unpaid as of the date of the statement,  The statement shall be filed as a supplement to the holder's proof of claim and is not subject to Rule 3001(f).  Failure to notify may result in sanctions.

The undersigned certifies that this notice was sent to the above named parties on  February 16, 2012 .

/S/   Marifran Smith
For:  Glenn Stearns, Chapter 13 Trustee, Standing Trustee

Glenn Stearns, Chapter 13 Trustee
801 Warrenville Road, Suite 650
Lisle, IL  60532-4350
Ph:  (630) 981-3888   Fax:   (630) 981-3896

In re:
TROY A OSENKARSKI

Case No. 06-15978

CITIFINANCIAL
PO BOX 70923
CHARLOTTE, NC  28272-0923

TROY A OSENKARSKI
304 OAK ST
CEDAR POINT, IL  61316

PATRICK A MESZAROS
1100 W JEFFERSON ST
JOLIET, IL  60435

### NOTICE OF PAYMENT OF FINAL MORTGAGE CURE UNDER RULE 3002.1(f)

Pursuant to Federal Rule of Bankruptcy Procedure 3002.1(f), the Chapter 13 Trustee, Glenn B. Stearns, files this Notice of Final Cure Payment.  The amount required to cure the default in the claim has been paid in full.

Within 21 days of the service of the Notice of Final Cure Payment, the creditor MUST file and serve a Statement as a supplement to the holder's proof of claim on the debtor(s), debtor(s) Counsel and the Chapter 13 Trustee, pursuant to Fed.R.Bank.P.3002.1(g), indicating:

1)  Whether it agrees that the debtor(s) have paid in full the amount required to cure the default on the claim; and

2)  Whether the debtor(s) are otherwise current on all payments consistent with 11 U.S.C. § 1322(b)(5).

The statement shall itemize the required cure or post-petition amounts, if any, that the holder contends remain unpaid as of the date of the statement,  The statement shall be filed as a supplement to the holder's proof of claim and is not subject to Rule 3001(f).  Failure to notify may result in sanctions.

The undersigned certifies that this notice was sent to the above named parties on  February 16, 2012 .

/S/   Marifran Smith
For:  Glenn Stearns, Chapter 13 Trustee, Standing Trustee

Glenn Stearns, Chapter 13 Trustee
801 Warrenville Road, Suite 650
Lisle, IL  60532-4350
Ph:  (630) 981-3888   Fax:   (630) 981-3896

In re:
TROY A OSENKARSKI

Case No. 06-15978

COLLECTION PROFESSIONALS INC
PO BOX 416
LASALLE, IL  61301

TROY A OSENKARSKI
304 OAK ST
CEDAR POINT, IL  61316

PATRICK A MESZAROS
1100 W JEFFERSON ST
JOLIET, IL  60435

## NOTICE OF PAYMENT OF FINAL MORTGAGE CURE UNDER RULE 3002.1(f)

Pursuant to Federal Rule of Bankruptcy Procedure 3002.1(f), the Chapter 13 Trustee, Glenn B. Stearns, files this Notice of Final Cure Payment.  The amount required to cure the default in the claim has been paid in full.

Within 21 days of the service of the Notice of Final Cure Payment, the creditor MUST file and serve a Statement as a supplement to the holder's proof of claim on the debtor(s), debtor(s) Counsel and the Chapter 13 Trustee, pursuant to Fed.R.Bank.P.3002.1(g), indicating:

1)  Whether it agrees that the debtor(s) have paid in full the amount required to cure the default on the claim; and

2)  Whether the debtor(s) are otherwise current on all payments consistent with 11 U.S.C. § 1322(b)(5).

The statement shall itemize the required cure or post-petition amounts, if any, that the holder contends remain unpaid as of the date of the statement,  The statement shall be filed as a supplement to the holder's proof of claim and is not subject to Rule 3001(f).  Failure to notify may result in sanctions.

The undersigned certifies that this notice was sent to the above named parties on  February 16, 2012 .

/S/   Marifran Smith

For:  Glenn Stearns, Chapter 13 Trustee, Standing Trustee

Glenn Stearns, Chapter 13 Trustee
801 Warrenville Road, Suite 650
Lisle, IL  60532-4350
Ph:  (630) 981-3888   Fax:   (630) 981-3896

In re:
TROY A OSENKARSKI

Case No. 06-15978                             TROY A OSENKARSKI
                                              304 OAK ST
                                              CEDAR POINT, IL  61316

DISH NETWORK
DEPT 0063                                     PATRICK A MESZAROS
PALATINE, IL  60055                           1100 W JEFFERSON ST
                                              JOLIET, IL  60435


**NOTICE OF PAYMENT OF FINAL MORTGAGE CURE UNDER RULE 3002.1(f)**


   Pursuant to Federal Rule of Bankruptcy Procedure 3002.1(f), the Chapter 13 Trustee, Glenn B. Stearns, files this Notice of Final Cure Payment.  The amount required to cure the default in the claim has been paid in full.

   Within 21 days of the service of the Notice of Final Cure Payment, the creditor MUST file and serve a Statement as a supplement to the holder's proof of claim on the debtor(s), debtor(s) Counsel and the Chapter 13 Trustee, pursuant to Fed.R.Bank.P.3002.1(g), indicating:

   1)  Whether it agrees that the debtor(s) have paid in full the amount required to cure the default on the claim; and

   2)  Whether the debtor(s) are otherwise current on all payments consistent with 11 U.S.C. § 1322(b)(5).

   The statement shall itemize the required cure or post-petition amounts, if any, that the holder contends remain unpaid as of the date of the statement,  The statement shall be filed as a supplement to the holder's proof of claim and is not subject to Rule 3001(f).  Failure to notify may result in sanctions.


   The undersigned certifies that this notice was sent to the above named parties on  February 16, 2012 .


                                              /S/  Marifran Smith
                                              _____
                                              For:  Glenn Stearns, Chapter 13 Trustee, Standing Trustee

Glenn Stearns, Chapter 13 Trustee
801 Warrenville Road, Suite 650
Lisle, IL  60532-4350
Ph:  (630) 981-3888    Fax:  (630) 981-3896

In re:
TROY A OSENKARSKI

Case No. 06-15978

H&R ACCOUNTS
4950 38TH AVE
MOLINE, IL  61265

TROY A OSENKARSKI
304 OAK ST
CEDAR POINT, IL  61316

PATRICK A MESZAROS
1100 W JEFFERSON ST
JOLIET, IL  60435

### NOTICE OF PAYMENT OF FINAL MORTGAGE CURE UNDER RULE 3002.1(f)

Pursuant to Federal Rule of Bankruptcy Procedure 3002.1(f), the Chapter 13 Trustee, Glenn B. Stearns, files this Notice of Final Cure Payment.  The amount required to cure the default in the claim has been paid in full.

Within 21 days of the service of the Notice of Final Cure Payment, the creditor MUST file and serve a Statement as a supplement to the holder's proof of claim on the debtor(s), debtor(s) Counsel and the Chapter 13 Trustee, pursuant to Fed.R.Bank.P.3002.1(g), indicating:

1) Whether it agrees that the debtor(s) have paid in full the amount required to cure the default on the claim; and

2) Whether the debtor(s) are otherwise current on all payments consistent with 11 U.S.C. § 1322(b)(5).

The statement shall itemize the required cure or post-petition amounts, if any, that the holder contends remain unpaid as of the date of the statement,  The statement shall be filed as a supplement to the holder's proof of claim and is not subject to Rule 3001(f).  Failure to notify may result in sanctions.

The undersigned certifies that this notice was sent to the above named parties on  February 16, 2012 .

/S/   Marifran Smith
For:  Glenn Stearns, Chapter 13 Trustee, Standing Trustee

Glenn Stearns, Chapter 13 Trustee
801 Warrenville Road, Suite 650
Lisle, IL  60532-4350
Ph:  (630) 981-3888   Fax:   (630) 981-3896

In re:
TROY A OSENKARSKI

Case No. 06-15978

MCA MANAGEMENT CO
PO BOX 480
HIGH RIDGE, MO  63049

TROY A OSENKARSKI
304 OAK ST
CEDAR POINT, IL  61316

PATRICK A MESZAROS
1100 W JEFFERSON ST
JOLIET, IL  60435

### NOTICE OF PAYMENT OF FINAL MORTGAGE CURE UNDER RULE 3002.1(f)

Pursuant to Federal Rule of Bankruptcy Procedure 3002.1(f), the Chapter 13 Trustee, Glenn B. Stearns, files this Notice of Final Cure Payment.  The amount required to cure the default in the claim has been paid in full.

Within 21 days of the service of the Notice of Final Cure Payment, the creditor MUST file and serve a Statement as a supplement to the holder's proof of claim on the debtor(s), debtor(s) Counsel and the Chapter 13 Trustee, pursuant to Fed.R.Bank.P.3002.1(g), indicating:

1)  Whether it agrees that the debtor(s) have paid in full the amount required to cure the default on the claim; and

2)  Whether the debtor(s) are otherwise current on all payments consistent with 11 U.S.C. § 1322(b)(5).

The statement shall itemize the required cure or post-petition amounts, if any, that the holder contends remain unpaid as of the date of the statement,  The statement shall be filed as a supplement to the holder's proof of claim and is not subject to Rule 3001(f).  Failure to notify may result in sanctions.

The undersigned certifies that this notice was sent to the above named parties on  February 16, 2012 .

/S/   Marifran Smith
For:  Glenn Stearns, Chapter 13 Trustee, Standing Trustee

Glenn Stearns, Chapter 13 Trustee
801 Warrenville Road, Suite 650
Lisle, IL  60532-4350
Ph:  (630) 981-3888   Fax:   (630) 981-3896

In re:
TROY A OSENKARSKI

Case No. 06-15978

NATIONWIDE CREDIT
PO BOX 740611
ATLANTA, GA  30374-0611

TROY A OSENKARSKI
304 OAK ST
CEDAR POINT, IL  61316

PATRICK A MESZAROS
1100 W JEFFERSON ST
JOLIET, IL  60435

### NOTICE OF PAYMENT OF FINAL MORTGAGE CURE UNDER RULE 3002.1(f)

Pursuant to Federal Rule of Bankruptcy Procedure 3002.1(f), the Chapter 13 Trustee, Glenn B. Stearns, files this Notice of Final Cure Payment.  The amount required to cure the default in the claim has been paid in full.

Within 21 days of the service of the Notice of Final Cure Payment, the creditor MUST file and serve a Statement as a supplement to the holder's proof of claim on the debtor(s), debtor(s) Counsel and the Chapter 13 Trustee, pursuant to Fed.R.Bank.P.3002.1(g), indicating:

1)  Whether it agrees that the debtor(s) have paid in full the amount required to cure the default on the claim; and

2)  Whether the debtor(s) are otherwise current on all payments consistent with 11 U.S.C. § 1322(b)(5).

The statement shall itemize the required cure or post-petition amounts, if any, that the holder contends remain unpaid as of the date of the statement,  The statement shall be filed as a supplement to the holder's proof of claim and is not subject to Rule 3001(f).  Failure to notify may result in sanctions.

The undersigned certifies that this notice was sent to the above named parties on  February 16, 2012 .

/S/   Marifran Smith
For:  Glenn Stearns, Chapter 13 Trustee, Standing Trustee

Glenn Stearns, Chapter 13 Trustee
801 Warrenville Road, Suite 650
Lisle, IL 60532-4350
Ph: (630) 981-3888   Fax: (630) 981-3896

In re:
TROY A OSENKARSKI

Case No. 06-15978

ECAST SETTLEMENT CORPORATION
PO BOX 35480
NEWARK, NJ 07193-5480

TROY A OSENKARSKI
304 OAK ST
CEDAR POINT, IL 61316

PATRICK A MESZAROS
1100 W JEFFERSON ST
JOLIET, IL 60435

### NOTICE OF PAYMENT OF FINAL MORTGAGE CURE UNDER RULE 3002.1(f)

Pursuant to Federal Rule of Bankruptcy Procedure 3002.1(f), the Chapter 13 Trustee, Glenn B. Stearns, files this Notice of Final Cure Payment. The amount required to cure the default in the claim has been paid in full.

Within 21 days of the service of the Notice of Final Cure Payment, the creditor MUST file and serve a Statement as a supplement to the holder's proof of claim on the debtor(s), debtor(s) Counsel and the Chapter 13 Trustee, pursuant to Fed.R.Bank.P.3002.1(g), indicating:

1) Whether it agrees that the debtor(s) have paid in full the amount required to cure the default on the claim; and

2) Whether the debtor(s) are otherwise current on all payments consistent with 11 U.S.C. § 1322(b)(5).

The statement shall itemize the required cure or post-petition amounts, if any, that the holder contends remain unpaid as of the date of the statement, The statement shall be filed as a supplement to the holder's proof of claim and is not subject to Rule 3001(f). Failure to notify may result in sanctions.

The undersigned certifies that this notice was sent to the above named parties on February 16, 2012 .

/S/   Marifran Smith
For: Glenn Stearns, Chapter 13 Trustee, Standing Trustee